**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE MONTES ALFARO, | No. 20-71099 |
| Petitioner, | Agency No. A072-878-982 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 3, 2023
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Jorge Montes Alfaro ("Montes"), a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") order denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), and the legal standard it applied de novo, *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), we grant in part and deny in part the petition for review.

1.  Montes contends that the agency failed to consider the appropriate factors and proper evidence—in particular, his mental health—in evaluating whether his crime qualified as particularly serious for purposes of asylum and withholding of removal.[1] *See Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020); *see also Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018) (holding that the BIA's "rationale—that evidence of an individual's mental condition at the time he or she committed the crime of conviction is categorically irrelevant—is unreasonable"). We disagree. The IJ's discussion of the crime indicates that she fully understood and considered the nature and impact of Montes's mental health condition at the time of the crime.

Montes points to several lines in the IJ's decision which, he contends, show that the IJ either disregarded his mental health condition or qualified his offense as particularly serious *because* he committed it during a schizophrenic episode. For example, the IJ concluded that "the danger the respondent posed to the community at the time remains the same as if he were not suffering from hallucinations."

---

[1] A particularly serious crime renders a noncitizen categorically ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii) (asylum), 1231(b)(3)(B)(ii) (withholding).

Read in context, however, the IJ's statements demonstrate that she took into account Montes's mental state and level of intent when committing the crime in accordance with *Gomez-Sanchez*, and nevertheless concluded that he posed a danger to the community. *See Matter of B-Z-R-*, 28 I. & N. Dec. 563, 566 (Att'y Gen. 2022) ("[A]n individual may pose a danger to the community notwithstanding a mental health condition, and in those cases, the 'particularly serious crime' bar to asylum and withholding of removal may apply.").

The IJ thus applied the correct legal standard in concluding that Montes's crime qualified as particularly serious. That conclusion ends our jurisdiction, and we deny Montes's petition for review of his asylum and withholding of removal claims.[2] *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010) ("[W]e cannot reweigh evidence to determine if the crime was indeed particularly serious . . . ." (citation omitted)).

2. As to his CAT claim, Montes contests the agency's conclusions that (1) he is unlikely to be institutionalized upon return to Mexico and that (2) the Mexican government is unlikely to commit or acquiesce to his torture in a psychiatric institution. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1155–56 (9th Cir. 2022) (holding that where a petitioner's theory of torture relies on a

---

[2] Because Montes Alfaro's conviction for a particularly serious crime renders him ineligible for asylum and withholding of removal, we need not reach Montes Alfaro's arguments regarding the agency's discretionary denial of asylum.

hypothetical chain of events, each link in the chain must be more likely than not to happen).

The agency's determination that Montes was unlikely to face institutionalization in Mexico is not supported by substantial evidence. To support its finding, the agency cited the fact that Montes has never been committed to a mental health institution outside of detention. But that fact has little probative value because Montes has spent the vast majority of his adult life—and a significant portion of his childhood—incarcerated or in immigration detention.

The agency also supported its finding that Montes was unlikely to be institutionalized in Mexico by noting that Montes has developed coping mechanisms and controlled his behavior at Otay Mesa Detention Center without psychiatric medication. Again, these facts cannot support the agency's finding. The record shows that Montes's improved coping skills and lucid behavior occurred in a "controlled and stable environment" which "will not be like anything [Montes] will experience in Mexico if he is removed." We therefore remand for the agency to reevaluate the likelihood of Montes's institutionalization in the first instance.

We also remand the question whether the Mexican government is more likely than not to commit or acquiesce to Montes's torture in a psychiatric institution. The agency failed to consider all of the relevant evidence as to specific

4

intent. *See Guerra v. Barr*, 974 F.3d 909, 914 (9th Cir. 2020) ("[A] petitioner must show specific intent for purposes of CAT relief."). For example, the IJ acknowledged that the record indicates patients at Mexican psychiatric institutions are subject to sexual abuse by staff members. But the IJ never specifically considered whether using sexual violence to inflict suffering would demonstrate specific intent. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) ("Rape and sexual assault may constitute torture . . . ."). And the government acknowledged at argument that the record contained no evidence that the IJ considered the likelihood that Montes would be subject to such sexual violence. Therefore, we remand to the BIA to fully consider all of the record evidence of specific intent to harm in evaluating Montes's CAT claim. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002) (per curiam).

Each party shall bear its own costs.

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.**